UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| CARLOS ROBINSON,<br><br>Petitioner,<br><br>v.<br><br>WARDEN,<br><br>Respondent. | CAUSE NO. 3:26-CV-1400-JTM-APR |

OPINION AND ORDER

Carlos Robinson, a prisoner without a lawyer, filed a habeas petition challenging the prison disciplinary decision (IRT-16-1-36) at the Pendleton Correctional Facility. Following a hearing, on February 12, 2016, a disciplinary hearing officer (DHO) found him guilty of possessing a cellphone in violation of Indiana Department of Correction Offense 121. Pursuant to Section 2254 Habeas Corpus Rule 4, the court must dismiss the petition "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."

In the petition, Robinson alleges that correctional staff dismissed this disciplinary case and vacated the sanctions and the finding of guilt on February 16, 2017. However, he has since discovered that this disciplinary case remains on his departmental conduct history report and alleges that he did not receive due process "regarding it being filed again." Significantly, the departmental conduct history report does not reflect that his disciplinary case has been refiled. (DE # 1-1 at 4.) It merely states that Robinson was found guilty on February 12, 2016, which, at most, suggests that the finding of guilt was

never vacated. Therefore, the claim that Robinson did not receive due process when the disciplinary case was refiled does not appear to be a basis for habeas relief.

Next, Robinson asserts that departmental officials dismissed the disciplinary case and vacated the sanctions and conviction, and that its appearance on his conduct history report constitutes double jeopardy. "[D]ouble jeopardy protections do not attach in prison disciplinary proceedings." *Portee v. Vannatta*, 105 F. App'x 855, 858 (7th Cir. 2004); *see also Decker v. Bell*, 772 F. App'x 339, 341 (7th Cir. 2019); *Meeks v. McBride*, 81 F.3d 717, 722 (7th Cir. 1996). Therefore, the claim that departmental officials violated Robinson's double jeopardy rights is not a basis for habeas relief.

Finally, Robinson asks this court to enforce a court order vacating the disciplinary charges and sanctions. However, Robinson attaches only an order in which the United States District Court for the Southern District of Indiana dismissed his habeas case challenging this prison disciplinary proceeding as moot. (DE # 1-1 at 4-5.) Moreover, even if the Southern District had issued an order directed at correctional officials, this court does not enforce the orders of other courts.

Because the petition appears to contain no valid claims and appears to seek no valid remedy, the court is inclined to deny the habeas petition. However, in light of Robinson's *pro se* status, out of an abundance of caution, the court will first grant him an opportunity to respond to these concerns.

For these reasons, the court:

(1) ORDERS Carlos Robinson to file a response to this Order by November 19, 2026; and

(2) CAUTIONS Carlos Robinson that, if he does not respond by that deadline, this case will be dismissed without further notice.

**SO ORDERED.**

Date: October 19, 2026

s/James T. Moody
JUDGE JAMES T. MOODY
UNITED STATES DISTRICT COURT